**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**v.**  CRIMINAL NO. 4:10-CR-00009-DCB
  CIVIL NO. 4:12-CV-00001-DCB

**PENNI TINGLE**

<u>**ORDER**</u>

This cause comes before the Court on Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255. Having carefully considered the Parties' arguments and evidence produced thereto, the Court finds that a hearing is necessary in order for it to resolve the following issues: (1) whether the Petitioner entered into the plea agreement knowingly and voluntarily and (2) whether the Petitioner can show prejudice relating to her first claim (ineffective assistance of counsel).[1]

"A district court need not conduct an evidentiary hearing to resolve an ineffective assistance of counsel claim when a petitioner fails to allege facts which, if proved, would entitle the petitioner to relief." <u>Amos v. Scott</u>, 61 F.3d 333, 348 (5th Cir. 1995). To obtain relief she seeks, the Petitioner must clear a preliminary hurdle. Because she waived her right to challenge her

---

[1] There is no evidence to suggest that the Government committed a <u>Brady</u> violation or that Petitioner's counsel failed to request or receive the evidence in the Government's possession. For that reason, the Court will limit its inquiry at the hearing to the Petitioner's first claim.

conviction and sentence under § 2255 in her plea agreement, she must demonstrate that, as a result of her counsel's ineffective assistance, she unknowingly or involuntarily entered the agreement. United States v. White, 307 F.3d 336, 343 (5th Cir. 2002). If the Petitioner can overcome her waiver, then she must demonstrate that she was prejudiced by entering into the agreement, that is, "there is a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." Mangum v. Hargett, 67 F.3d 80, 84 (5th Cir. 1995) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Prejudice "turns on what a reasonable person in the defendant's shoes would do." United States v. Smith, 844 F.2d 203, 209 (5th Cir. 1988).

As to the issue of voluntariness, it is unclear, at this point, to what extent the Petitioner's counsel informed or influenced her decision to plead guilty. But the personal nature of the text messages between attorney and client coupled with Petitioner's pre-sentencing email that indicates she was not satisfied with her counsel's representation creates a factual dispute on this issue, and therefore the Court finds that a hearing regarding the circumstances under which the plea agreement was entered is warranted. See also Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

The issue of prejudice is a closer call. Nowhere in her Motion does the Petitioner specifically allege that she would have

proceeded to trial but for her attorney's representation. She does, however, presently maintain her innocence of the crime to which she pleaded guilty, which is enough to merit consideration of possible prejudice.[2] See Reply Brief at 5. Petitioner's primary argument for prejudice is that her counsel pursued a sexual relationship with her instead of informing her of what was in her best interest. Even if the former allegation is true, the latter assertion appears specious in light of the record, which tends to support the conclusion that a reasonable person in the Petitioner's shoes would have pleaded guilty. Nevertheless, the Petitioner has alleged innocence, which, if true, indicates that she could have been prejudiced if indeed her counsel's representation and judgment were clouded by his alleged conflicted motivations, and therefore the Court finds that a hearing is the proper course to ascertain the truth from the facts. United States v. Herrera, 412 F.3d 577, 582 (5th Cir. 2005) ("Rather than decide the question based on an assumption, the better approach is to have the district court conduct an evidentiary hearing.").

Alternatively, the Court acknowledges the Petitioner's argument that she need not show prejudice if she can prove that an actual conflict of interest existed, Cuyler v. Sullivan, 446 U.S. 335, 349-35 (1980), but reserves judgment as to whether the Supreme

---

[2] In her request for relief, Petitioner does ask for a new trial and sentencing hearing. See Am. § 2255 Motion at 12.

3

Court's holding in Cuyler is implicated by the brand of conflict of interest here, as the Cuyler-argument advanced by the Petitioner is typically applied in situations where counsel represents multiple defendants. See Bartee v. Quarterman, 339 Fed. App'x 429, 437 (5th Cir. 2009). However, in addition to the two specific issues outlined above (voluntariness and prejudice), the Court will entertain argument as to whether Culyer's holding applies to the circumstances in this case and consider evidence as to whether "an actual conflict of interest adversely affected [defense counsel's] performance." Cuyler, 446 U.S. at 348.

**IT IS THEREFORE HEREBY ORDERED** that the Court will conduct an evidentiary hearing on the above referenced matters at the United States Courthouse in Natchez, MS, on October 10th at 10:00 a.m.

So **ORDERED**, this the 31st day of August, 2012.

    /s/ David Bramlette
**UNITED STATES DISTRICT JUDGE**