```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   WESTERN DIVISION
```

**UNITED STATES OF AMERICA**

**v.**                                     CRIMINAL NO. 4:10-CR-00009-DCB
                                              CIVIL NO. 4:12-CV-00001-DCB

**PENNI TINGLE**

<u>**ORDER DENYING MOTION TO VACATE**</u>

This cause is again before the Court on Petitioner's Motion to Vacate [**docket entry no. 36**] pursuant to 28 U.S.C. § 2255. On October 10, 2012, the Court held an evidentiary hearing on the issues of whether the Petitioner's plea agreement (which contained a waiver of her right to file the present Motion) was entered knowingly and voluntarily and whether the Petitioner was prejudiced by entering her plea agreement.

In any ineffective assistance of counsel claim, "[f]irst, the defendant must show that counsel's performance was deficient[, and] . . . [s]econd, the defendant must show that the deficient performance prejudiced the defense." <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). The first prong requires a court to make a finding as to whether "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment", <u>id.</u> and that inquiry, in the context of a guilty plea, requires the Court to determine whether counsel provided objectively unreasonable advice that resulted in a defendant unknowingly or involuntarily pleading guilty. <u>Hill v.</u>

Lockhart, 474 U.S. 52, 58-59 (1985). Determining prejudice in the context of a guilty plea is also slightly more nuanced than determining prejudice as a result of ineffective assistance of counsel at trial. The Supreme Court has explained,

> [W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial. As we explained in Strickland v. Washington, these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the "idiosyncrasies of the particular decisionmaker."

Id. at 69-60. (1985) (internal citations omitted).

Even more recently, the Supreme Court reiterated the nature of the Court's prejudice inquiry when a guilty plea is challenged on the basis of ineffective assistance of counsel:

> To establish Strickland prejudice a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice. In Hill, when evaluating the petitioner's claim that ineffective assistance led to the improvident acceptance of a guilty plea, the Court required the petitioner to show "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial."

2

Lafler v. Cooper, 132 S. Ct. 1376, 1384-84 (March 21, 2012) (internal citations omitted) (alteration in the original).

At the hearing, the Petitioner argued that her plea agreement, which contains a waiver of the right to file the present Motion, was entered unknowingly and involuntarily as a result of her counsel's romantic overtures and that she was prejudiced by her execution of the plea. To that end, she tried to produce evidence and testimony to demonstrate that her attorney pursued a personal relationship with her to the exclusion of acquiring certain unproduced documents that would have proven her innocence. She explained that she eventually capitulated to her attorney's insistence to plead guilty when she did not receive those documents, and now, with the benefit of hindsight, she wishes she had gone to trial. As the Court understands it, the Petitioner's theory is that her counsel's failure to get the documents she requested, together with his badgering, produced a situation in which she was forced to plead guilty involuntarily. And the suggestion that the documents that were not produced are "exculpatory" demonstrates with reasonable probability that she would have proceeded to trial.

After hearing the testimony of the Petitioner and her counsel, the Court stated that it has looked for but not found any evidence demonstrating (1) that Petitioner entered her guilty plea unknowingly and involuntarily and (2) that Steve Farese Sr.'s

representation, notwithstanding the personal nature of the communications with the Petitioner, was ineffective. To the contrary, the Court found that the Petitioner freely admitted to embezzlement during the plea colloquy and at the sentencing phase and also found that Fareese's representation was effective in getting eight of the nine counts in the indictment dismissed. The Court hereby adopts the findings of fact contained in its bench recitation, which is a part of the record in this case and incorporated herein by reference. Because the Petitioner (1) entered her plea agreement knowingly and voluntarily and (2) received effective assistance of counsel as guaranteed by the Sixth Amendment, the Court must deny her Motion.

Morever, the Court notes that even if it had found that counsel's representation fell below an objective standard of reasonableness, the Petitioner has not convinced the Court that she was prejudiced by her decision to plead guilty. At the hearing the Petitioner referenced the existence of certain exculpatory documents. It is unclear why the Petitioner did not seek leave to subpoena these crucial "exculpatory" documents before the evidentiary hearing, or, as suggested at the hearing, produce any corresponding documentation from her own records which would substantiate her theory that she believed that she was owed the money she embezzled from her employer. But given the evidence produced by the government to substantiate its position, and the

4

absence of rebutting evidence—particularly in light of the favorable plea agreement offered by the government—the Court finds that a reasonable person in the Petitioner's shoes also would have pleaded guilty.

In addition to these findings of fact and conclusion of law, the Court holds, for the record, that the Petitioner's claim of ineffective assistance does not, under current Fifth Circuit precedent, implicate the conflict-of-interest framework established in <u>United States v. Cuyler</u>, 446 U.S. 335 (1980). Although the Petitioner's <u>Cuyler</u> argument might gain some traction in other circuits, the Fifth Circuit has unequivocally, and in this Court's view correctly, held that <u>Cuyler</u> applies only to conflicts of interest raised by counsel's representation of multiple clients, which is not the situation before the Court. <u>United States v. Newell</u>, 315 F.3d 510, 516 (5th Cir. 2002) (stating that <u>Cuyler</u> pertains to instances where an attorney's loyalty is divided between two or more clients); <u>Beets v. Scott</u>, 65 F.3d 1258, 1272 (5th Cir. 1995) (reaching this conclusion after a thorough and well-reasoned analysis). Inasmuch as the Petitioner continues to assert that prejudice is presumed from the circumstances in this case, that assertion is incorrect.

**IT IS THEREFORE HEREBY ORDERED** that Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 [**docket entry no. 36**] is **DENIED.** A final judgment shall issue forthwith dismissing the

Petitioner's habeas claim with prejudice. Because the Court concludes that a reasonable jurist would not find its assessment of the aforementioned constitutional claims debatable or wrong, **IT IS HEREBY ORDERED THAT** a Certificate of Appealabilty (COA) is **DENIED**. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). So **ORDERED,** this the 27th day of November, 2012.

        <u>/s/ David Bramlette</u>
        **UNITED STATES DISTRICT JUDGE**